James C. Fessenden (SBN 238663)
E-Mail: jfessenden@fisherphillips.com
Phillip G. Simpler (SBN 292486)
E-Mail: psimpler@fisherphillips.com
Lauren Bushman (SBN 314865)
E-Mail: lbushman@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
Ace Parking Management, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO - CENTRAL COURTHOUSE

| | |
|---|---|
| HALIMO MKOMA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACE PARKING MANAGEMENT, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: 37-2021-00034989-CU-OE-CTL<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Gregory W. Pollack, Dept. C-71*<br><br>**DEFENDANT ACE PARKING MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>IMAGED FILE<br><br>Complaint Filed: August 17, 2021<br>Trial Date:      Not Set |

Defendant, ACE PARKING MANAGEMENT, INC., ("Defendant") responds to Plaintiff's complaint as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint.

## FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.  Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a).

**THIRD AFFIRMATIVE DEFENSE**

3.  Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

**FOURTH AFFIRMATIVE DEFENSE**

4.  By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**FIFTH AFFIRMATIVE DEFENSE**

5.  Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**SIXTH AFFIRMATIVE DEFENSE**

6.  Plaintiff was paid all wages due her on a timely basis.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff and the alleged putative class members was lawful.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  Plaintiff's claims for penalties pursuant to Cal. Lab. Code § 226 are barred because Plaintiff cannot show that she, or any putative class member, was injured by any wage statements furnished by Defendants.

**NINTH AFFIRMATIVE DEFENSE**

9.  The complaint, and each purported cause of action asserted against Defendant, is barred by Defendant's substantial compliance with all applicable laws. Hence, Defendant's business practices were not unfair or unlawful within the meaning of California Business & Professions Code Section 17200.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims for penalties are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 15 of the California Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims, and the claims of one or more of the putative class members, are subject to a binding arbitration agreement which precludes those putative class members from participating in this class action and precludes the certification of a class. Defendant will seek to compel individual arbitration of Plaintiff's claims and to strike class allegations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's allegations are barred as a matter of law because Plaintiff lacks standing, and thus, cannot represent the interests of the alleged class as to each purported cause of action therein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff has not and cannot satisfy the requirements of California Code of Civil Procedure section 382, Federal Rule of Civil Procedure 23, and/or current legal standards.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Any recovery on Plaintiff's complaint or any cause of action therein is barred on the ground that to the extent she did work any overtime, such work was unauthorized by Defendant and performed without Defendant's knowledge.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. This suit may not be properly maintained as a class action because Plaintiff cannot establish, inter alia, (1) an ascertainable class; (2) that a class action is the superior or an appropriate method for fair and efficient adjudication of the claims in the Complaint; (3) that common issues of fact and/or law predominate; (4) that Plaintiff's claims are representative or typical of the claims of the putative class; (5) that Plaintiff is a proper class representative; (6) that the named Plaintiff and her counsel will adequately represent the interests of the class; (7) that there is a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the putative class; and/or (8) that the class is sufficiently numerous for class treatment and/or such that joinder is impractical.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Certain interests of the putative Class are in conflict with the interests of all or certain sub-groups of the members of the alleged Class of persons, which the named Plaintiff purports to represent, the existence of which is expressly denied.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. An award of penalties against Defendants under the circumstances of this case would constitute an excessive fine and otherwise be unconstitutional to the extent that the penalty is disproportionate to the Plaintiff's actual loss.

1  **WHEREFORE**, this answering Defendant prays as follows:

2  1.  That Plaintiff take nothing by her complaint for damages;

3  2.  That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

4  3.  That Defendant recover its costs of suit herein, including its reasonable attorneys'

5  fees; and

6  4.  That the court award such other and further relief as it deems appropriate.

8  DATE:  September 29, 2021            FISHER & PHILLIPS LLP

By: _____
James C. Fessenden
Phillip G. Simpler
Lauren Bushman
Attorneys for Defendant
Ace Parking Management, Inc.

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On September 29, 2021, I served the following document **DEFENDANT ACE PARKING MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the person listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| Edwin Aiwazian<br>LAWYERS FOR JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203 | Telephone: (818) 265-1020<br>Facsimile: (818) 265-1021<br>E-Mail: edwin@calljustice.com<br>Attorney for HALIMO MKOMA |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 29, 2021, at San Diego, California.

| | |
|---|---|
| Andrea N. Ford<br>Print Name | By: *Andrea N. Ford*<br>Signature |