UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALIMO MKOMA, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ACE PARKING MANAGEMENT, INC. and DOES 1-100,<br><br>　　　　　　　　　　　Defendant. | Case No. 21-cv-1693-MMA (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DECLINING TO RULE ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY**<br><br>[Doc. Nos. 8, 14] |

　　　Plaintiff Halimo Mkoma ("Plaintiff") brings this putative labor class action against Ace Parking Management, Inc. ("Defendant") and Does 1 through 100. *See* Doc. No. 1-2 ("Compl."). Defendant removed this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 and on the basis of federal question jurisdiction under 28 U.S.C. § 1331. *See* Doc. No. 1.

　　　Two motions are pending before the Court. *See* Doc. Nos. 8, 14. First, Defendant moves to compel arbitration and dismiss or stay the action pursuant to the Federal

Arbitration Act and the California Arbitration Act. Doc. No. 8-1 at 10–15.[1] Second, Plaintiff moves to remand the action to state court pursuant to 28 U.S.C. § 1447 based on lack of subject matter jurisdiction. *See* Doc. No. 14. Both parties have filed oppositions and replies. *See* Doc. Nos. 11, 12, 15, 16. The Court found the matters suitable for determination on the papers and without argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. Nos. 13, 17. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand and declines to rule on Defendant's motion to compel arbitration and dismiss or stay the action.

## I. BACKGROUND

Defendant employed Plaintiff from approximately August 2019 until April 2020. Compl. ¶ 18. Plaintiff was employed "as an hourly-paid, non-exempt employee." *Id.* According to Plaintiff, she worked more than eight hours in a day and/or forty hours per week during her employment with Defendant. *Id.* ¶ 14. Plaintiff alleges that Defendant failed to "pay overtime wages," "provide all requisite uninterrupted meal and rest periods," pay "at least minimum wage for all hours worked," pay "all wages owed . . . upon discharge or resignation," pay "all wages within any time permissible under California law," "provide complete or accurate records," reimburse "for all necessary business-related expenses and costs," and properly compensate "pursuant to California law in order to increase Defendants' profits." *Id.* ¶¶ 37–45.

On August 16, 2021, Plaintiff filed her Complaint in state court. *See id.* at 1. Plaintiff brings ten causes of action alleging various violations of the California Labor Code and California Business and Professions Code. *See id.* ¶¶ 47–117. Plaintiff seeks civil remedies and owed wages for these violations. *Id.* at 24–29. On September 29, 2021, Defendant removed the action to this Court. Doc. No. 1. Shortly after removal,

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Defendant filed a motion to compel arbitration and dismiss or stay the action, and Plaintiff filed a motion to remand. *See* Doc. Nos. 8, 14.

## II. MOTION TO REMAND

The Court proceeds by first addressing Plaintiff's motion to remand because it challenges the Court's subject matter jurisdiction.

**A.     Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of federal question exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27 (1983).

Additionally, 28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**B.     Discussion**

Defendant removed the action to this Court on the basis of federal question jurisdiction. According to Defendant, the case "directly implicate[s] questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 . . . and the National Labor Relations Act." Doc. No. 1 at 8. Defendant provides that Plaintiff's "theories trigger Section 301 of the LMRA because resolution of her claims will require interpretation of the [collective bargaining agreement ("CBA")] in place during the relevant time period." *Id.* at 9. Defendant thus asserts this Court has original jurisdiction over claims one through six and supplemental jurisdiction over the remaining four claims. *Id.* at 11.

A review of the Complaint reveals that no federal question is directly implicated; Plaintiff only pleads claims under California state law. Thus, it appears Defendant is instead asserting that federal question jurisdiction exists because of preemption. There is "an 'independent corollary' to the well pleaded complaint rule": the complete preemption doctrine. *Caterpillar Inc.*, 482 U.S. at 393 (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22). "Once an area of a state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* Section 301 of the LMRA holds such complete preemptive force. *See id.* at 394; *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.").

Despite complete preemption, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). The Supreme Court noted that "while this sensible 'acorn' of § 301 pre-emption . . . has sprouted modestly in more recent decisions of this Court, . . . it has not yet become, nor

may it, a sufficiently 'mighty oak.'" *Livadas*, 512 U.S. at 122. To ensure section 301 preemption maintains its proper boundaries, courts in the Ninth Circuit apply a two-step test. *Curtis*, 913 F.3d at 1152 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 913–14 (9th Cir. 2018)).

> First, we ask whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." The essential inquiry is this: Does the claim seek "purely to vindicate a right or duty created by the CBA itself[?]" If so, "then the claim is preempted, and [the] analysis ends there."

*Id.* at 1152–53 (citations omitted) (first quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016); then quoting *Schurke*, 898 F.3d at 921; and then quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 153, 1059 (9th Cir. 2007)). If the claim is not preempted on this basis, the court continues to the second step and asks:

> "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. We have stressed that "interpretation" is construed narrowly in this context. At this second step of analysis, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" Accordingly, a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA.

*Id.* at 1153 (citations omitted) (first quoting *Kobold*, 832 F.3d at 1033; and then quoting *Schurke*, 898 F.3d at 921).

In addressing whether Plaintiff's allegations sustain federal question jurisdiction through LMRA § 301 preemption, the Court addresses each of Plaintiff's claims in turn.

1.  *Overtime Pay Claim*

Plaintiff first alleges that Defendant failed to pay overtime wages in violation of California Labor Code section 510 and the applicable Industrial Welfare Commission

("IWC") Wage Order.  *See* Compl. ¶¶ 48, 53; Doc. No. 14-1 at 6.  Section 510 provides that any work exceeding a specific number of hours "shall be compensated" at a specified pay rate.  Cal. Lab. Code § 510(a).  Plaintiff asserts that Defendant violated this section by failing to pay her the required overtime rates for hours she worked in excess of eight hours per day.  Compl. ¶ 52.

In support of removal, Defendant argues that Plaintiff's overtime claim triggers LMRA § 301 because CBA Article 9 and Appendix A will need to be interpreted to determine liability and damages.  Doc. No. 1 at 9; *see* Doc. No. 15 at 13.

       a.   <u>Step One: Whether the Right Exists Solely as a Result of the CBA</u>

As noted above, in determining whether LMRA § 301 preempts Plaintiff's overtime claim, the Court must first determine whether this claim involves a right that exists solely as a result of the CBA.  *See Curtis*, 913 F.3d at 1152–53 (citations omitted) (first quoting *Kobold*, 832 F.3d at 1032; then quoting *Schurke*, 898 F.3d at 921; and then quoting *Burnside*, 491 F.3d at 1059).  The Ninth Circuit has held that a plaintiff's right to unpaid overtime is preempted under the first step of the Ninth Circuit's preemption test if a CBA meets the requirements of section 514.[2]  *See Gunther v. N. Coast Coop., Inc.*, 21-cv-02325-RMI, 2020 WL 3394547, *4 (N.D. Cal. June 19, 2020) (citing *Curtis*, 913 F.3d at 1154).

As a preliminary matter, preemption attaches to a CBA dispute dressed in "state law garb."  *Schurke*, 898 F.3d at 921 (citing *Livadas*, 512 U.S. at 122–23).  "Artful pleading" and "complete preemption" doctrines cannot be ignored amid preemption

---

[2] As this Court has previously noted, there is a split between district courts on whether meeting the exception under section 514 is sufficient to find the LMRA § 301 preempts a state law claim.  *See Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. Jan. 20, 2021).  However, the Court finds the Ninth Circuit's ruling in *Curtis* to be decisive in demonstrating that a plaintiff's right to unpaid overtime is preempted under step one if a CBA meets the requirements of section 514.  Moreover, even if section 514 were not triggered here, the outcome of step one would be the same because Plaintiff's claims be would further rooted in state law as a right exclusively arising under section 510.

analysis. *Diaz v. Sun-Maid Growers of Cal.*, 19-cv-00149-LJO-SKO, 2019 WL 1785660, at *5 (E.D. Cal. Apr. 24, 2019) (first citing *Caterpillar Inc.*, 482 U.S. at 391–94; and then citing *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041–42 (9th Cir. 2002)); *see also Gunther*, 2020 WL 3394547, at *4.

In *Curtis*, the plaintiffs brought claims in state court under the California Labor Code that stemmed from the theory that twelve off-duty work hours were considered "hours worked." *Curtis*, 913 F.3d at 1150. The *Curtis* plaintiffs brought overtime, meal and rest period, minimum wage, and derivative claims. *Id.* Relying on LMRA § 301 and the Outer Continental Shelf Lands Act, the defendant removed the action to a federal district court and later moved to dismiss the claims on § 301 preemption grounds, which the court granted. *Id.* at 1150–51. The Ninth Circuit held the overtime pay claim was preempted under § 301 "because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and Curtis worked under such an agreement." *Id.* at 1150. In reaching this conclusion, the Ninth Circuit read section 514 together with section 510:

> By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.

*Id.* at 1153–54 (citing *Kobold*, 832 F.3d at 1032). Therefore, Ninth Circuit precedent instructs courts to assess the section 514 statutory exemption when considering whether a plaintiff's section 510 overtime claims are preempted.

Accordingly, if the requirements of section 514 are satisfied, then Plaintiff's overtime claim is preempted. *See id.* at 1154. Section 514's requirements include (1) "a valid [CBA];" (2) the CBA provides for "the wages, hours of work, and working conditions of the employees;" and (3) the CBA provides "premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less

than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, there does not appear to be a dispute as to the existence of a valid CBA.[3] *See* Doc. No. 14-1 at 6; Doc. No. 15 at 6; Doc. No. 15-1; Doc. No. 16 at 2. To be sure, neither party provides evidence to the Court indicating that the CBA is invalid. Thus, the first requirement is satisfied. Moreover, the CBA outlines wage scales, work schedules overtime, leave, vacation, and holidays. Doc. No. 1-3 at 5–8, 10–11 (CBA §§ 7–11, 13–15; CBA App. A). These provisions satisfy the second requirement.

As to the third requirement of section 514, there appears to be no dispute whether the CBA provides "a regular hourly rate of pay not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Plaintiff argues the CBA "does not provide a regular hourly rate of not less than 30% of the state minimum wage." Doc. No. 14-1 at 13–14 ("For example, Cashiers under the CBA in January 2021 have a starting wage of $14.00. This does not satisfy the requirement as 30% of the minimum wage in 2021 is $18.20 ($14 x 1.3)." (citations omitted) (citing Doc. No. 1-3 at 2, 22)).

The party seeking the Court's subject matter jurisdiction carries the burden to establish jurisdiction. *See Kokkonen*, 511 U.S. at 377 (citing *McNutt*, 298 U.S. at 182–83). Moreover, because section 514 is an affirmative defense, the employer carries the burden to prove exemption. *Ramirez v. Yosemite Water Co.*, 978 P.2d 2, 8 (Cal. 1999) (first citing *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr. 2d 221, 225–26 (Ct. App. 1995); and then citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 197–98 (1974)) ("[T]he assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption."). Therefore, Defendant has the burden of establishing the CBA

---

[3] Plaintiff argues Defendant fails to establish that Plaintiff was governed by the CBA. *See* Doc. No.14-1 at 9. However, Defendant in opposition provides an exhibit showing Plaintiff's application to the union and authorization for Defendant to deduct various union fees from her paycheck. *See* Doc. No. 15 at 9; Doc. No. 15-2. Plaintiff does not dispute this fact or state otherwise in reply. *See generally* Doc. No. 16.

provides a regular hourly pay rate of not less than 30% more than the state minimum wage. Defendant does not address the third requirement. Importantly, Defendant fails to show that the CBA provides a regular hourly rate of not less than 30% more than minimum wage. Therefore, the Court finds Defendant has not carried its burden as to the third requirement.

Because the CBA fails to satisfy all three section 514 requirements, section 514 does not prevent section 510's application to Plaintiff. *See Huffman v. Pac. Gateway Concessions LLC*, No. 19-cv-01791-PJH, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019). Accordingly, Plaintiff's overtime claim does not involve a right that exists solely as a result of the CBA; thus, Plaintiff's overtime claim is not preempted under step one. *See Gunther*, 2020 WL 3394547, at *5; *Huffman*, 2019 WL 2563133, at *6. Because Plaintiff's overtime claim is not preempted at step one, the Court proceeds to step two.

          b.    <u>Step Two: Whether the State Law Right Is Substantially Dependent on the CBA</u>

In the second step of the LMRA § 301 preemption analysis, the Court must determine whether Plaintiff's state law right is substantially dependent upon analyzing the CBA. *Curtis*, 913 F.3d at 1153 (quoting *Kobold*, 832 F.3d at 1033).

In moving to remand, Plaintiff argues the CBA may need to be merely referenced, for example, "to determine rates of pay and other policies," but need not be interpreted. Doc. No. 14 at 10–12. Defendant argues that Plaintiff's allegations will require interpretation of several CBA provisions. *See* Doc. No. 1 at 9; Doc. No. 15 at 6, 8, 11–14. Defendant asserts CBA Article 9 and Appendix A will need to be interpreted in order to determine liability and damages for Plaintiff's overtime claim. Doc. No. 1 at 9; Doc. No. 15 at 13. In particular, Defendant contends "Plaintiff's claim that she was not paid overtime for more than 8 hours in a day or 40 hours in a week as well as unpaid wages will require substantial interpretation of these CBA provisions to determine liability and damages for this claim." Doc. No. 15 at 3.

   At the second step of the preemption analysis, "interpretation" is construed narrowly: "it means something more than 'consider,' 'refer to,' or 'apply.'" *Curtis*, 913 F.3d at 1153; *Kobold*, 832 F.3d at 1033 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)).  Here, no interpretation of the CBA is required.  While Defendant states that interpretation of the CBA will be required in this action, it fails to explain what interpretation is necessary to assess the overtime claim.  Instead, as Plaintiff explains, the information needed to "ascertain the numerical value of Plaintiff's claims for overtime . . . does not make the claim 'substantially dependent' on the CBA."  Doc. No. 16 at 5.  The text of the overtime provision clearly notes that overtime pay is based on the hourly rate of pay.  Doc. No. 15-1 (CBA Art. 9, §§ 2–3).  Therefore, a court need only—at most—refer to and apply the hourly rates supplied in CBA Appendix A, which outlines the wages for each position, in order to calculate any owed overtime pay.  *See* Doc. No. 15-2 at 25 (CBA App. A).  This does not qualify as "interpretation" as that word is understood in this analysis.

   In any event, "[c]laims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Schurke*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124).  Mere reference to the CBA is insufficient to show a claim is substantially dependent on the CBA.  *See id.* at 921–22 (quoting *Livadas*, 512 U.S. at 125).  Neither party alleges that there is a dispute over any CBA term.  Notably, Defendant fails to show there is an active dispute over the application or meaning of a relevant CBA term.  Absent an active dispute over the CBA terms, Defendant's hypothetical connection between Plaintiff's state law claim under section 510 and the CBA is insufficient to trigger preemption.  *See id.* at 921 (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001)).  Therefore, Defendant has not carried its burden to show an active dispute over any CBA term meaning or that any term requires interpretation.  The overtime claim is therefore not preempted under step two.

c. Conclusion

Because Defendant fails to meet either step one or two, Plaintiff's unpaid overtime claim is not preempted by LMRA § 301.

2. *Meal and Rest Period Claims*

Plaintiff next alleges that Defendant required her to work during meal and rest periods and failed to pay meal and rest period premiums in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Orders. *See* Compl. ¶¶ 63–64, 72–73; Doc. No. 14-1 at 6. Section 226.7 provides that an employer must not require an employee to work during meal or rest periods and must pay the employee a meal or rest period rate if the employer fails to provide the rest or meal period. Cal. Lab. Code § 226.7. Section 512(a) provides that an employer must provide an employee with a meal period if the employee works more than a certain number of hours in a day. *Id.* § 512(a).[4]

In support of removal, Defendant argues that Plaintiff's meal and rest period claims trigger LMRA § 301 because certain CBA provisions require interpretation to determine the correct pay rate for the premiums. Doc. No. 1 at 9; Doc. No. 15 at 13. Plaintiff argues that a court would not need to interpret the CBA in order to consider the meal and rest period claims as the claims arise only under California law. Doc. No. 16 at 5.

a. Step One: Whether the Rights Exist Solely as a Result of the CBA

A review of the CBA reveals no provision explicitly concerns the meal period cause of action. Because Plaintiff has based her meal and rest period claims solely on protections afforded to her by California law—without any reference to duties or other expectations created by the CBA—and Defendant fails to provide evidence showing the

---

[4] The Court acknowledges that section 512(a) has been preempted on other grounds unrelated to this case. *See Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021) (finding that commercial motor vehicle drivers subject to Federal Motor Carrier Safety Administration service hours regulations may not bring claims under California's meal and break laws).

rights exist as a result of the CBA, Plaintiff's meal and rest period claims are not preempted under step one. *See Valles v. Ivy Hill Corp.*, 401 F.3d 1071, 1082 (9th Cir. 2005); *Cramer*, 255 F.3d at 693. Thus, the Court proceeds to step two.

        b.      <u>Step Two: Whether the State Law Rights Are Substantially Dependent on the CBA</u>

Plaintiff's meal and rest period claims fail at the outset of step two. It is clear no interpretation of the CBA is required. In support of removal, Defendant argues interpretation of a few CBA provisions is required for resolution of the meal and rest period allegations "to determine the correct penalty rate provided employees earned pay differentials, reporting time pay, and alternative workweek schedules." Doc. No. 15 at 13. However, Defendant fails to note any CBA provision that references meal periods or explain why Article 9 or Appendix A would need to be interpreted for the rest period claim. Therefore, Defendant fails to show why or how the meal and rest period claims would require interpretation of the CBA. Further, there is no genuine dispute as to the meaning of any CBA provision. *See Schurke*, 898 F.3d at 921–22. Accordingly, Plaintiff's meal and rest period claims are not preempted under step two.

        c.      <u>Conclusion</u>

Because Defendant fails to show preemption is warranted under either step, Plaintiff's meal and rest period claims are not preempted by LMRA § 301.

    3.    *Minimum Wage Claim*

Plaintiff next alleges that Defendant failed to pay her minimum wage in violation of California Labor Code sections 1194, 1197, 1197.1. *See* Compl. ¶ 79; Doc. No. 14-1 at 6. Section 1197 provides that it is unlawful to pay an employee anything less than minimum wage. Cal. Lab. Code § 1197.

        a.      <u>Step One: Whether the Right Exists Solely as a Result of the CBA</u>

The Ninth Circuit has held that "the right to be paid according to state law . . . is 'one that came into existence entirely independently of the CBA, and that remains in existence, independently of the CBA' unless and until the CBA waives it." *McCray v.*

*Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018) (quoting *Burnside*, 491 F.3d at 1064). Further, the Ninth Circuit rejected the argument that "the fact that a right could theoretically be waived meant that the right necessarily depended on a CBA." *Id.* at 1010–1011 (citing *Burnside*, 491 F.3d at 1064–65).

Here, it is clear the minimum wage claim stems from a state law right. Plaintiff plainly asserts the failure to pay minimum wage claim arises under California state law, *see* Compl. ¶¶ 82–86, and Defendant fails to show that there was a valid waiver of Plaintiff's state law right to be paid minimum wage. In fact, Defendant admits that it "is not arguing . . . that the CBA waived any of Plaintiff's state law rights at issue," which furthers the conclusion that the minimum wage right does not exist as a result of the CBA. Doc. No. 15 at 11. Importantly, Defendant does not argue, nonetheless provide evidence, that the right to minimum wage exists solely because of the CBA. Therefore, Defendant fails to carry its burden. The Court accordingly finds Plaintiff's minimum wage claim arises independently under state law. Thus, the Court proceeds to step two.

          b.      <u>Step Two: Whether the State Law Right Is Substantially Dependent on the CBA</u>

In addition to the law previously stated for step two, *see supra* Section II.B.1.b, examination of whether a valid waiver of minimum wage exists in the CBA would not require analysis much beyond referring to the CBA. *See McCray*, 902 F.3d at 1013 ("The degree of analysis of the CBA this case requires isn't altogether different from checking an agreement to identify, for example, an employee's pay rate.").

Here, interpretation of the CBA is clearly not necessary and there is no dispute as to a term in the CBA. At the outset, Plaintiff's claim appears to be solely based upon a violation of her right to be paid minimum wage under California law. Compl. ¶¶ 76–81. Similar to step one, Defendant fails to provide factual support or argument specifically addressing the minimum wage claim and its dependency on the CBA. Defendant similarly fails to provide support as to how interpretation of the CBA would be required to resolve the minimum wage claim. *See generally* Doc. No. 15 at 11–14.

Instead, it is apparent that a court would only need to consider statutory requirements when determining liability and potential recovery for the minimum wage claim. Additionally, there is simply no dispute between the parties regarding a term of the CBA that would require a court's interpretation of the agreement. Moreover, Defendant admits that no state law rights were waived in the CBA, which only furthers the point that the minimum wage claim exists exclusively under state law. *See McCray*, 902 F.3d at 1013. Thus, the Court finds Defendant fails to carry its burden. Therefore, the minimum wage claim is not preempted under step two.

          c.     Conclusion

Because Defendant fails to show preemption is warranted under either step one or two, Plaintiff's minimum wage claim is not preempted by LMRA § 301.

    *4.    Timely Payment of Final Wages Claim*

Plaintiff next asserts that Defendant failed to timely pay Plaintiff any unpaid, earned final wages within seventy-two hours of employment termination in violation of California Labor Code sections 201 and 202. Compl. ¶ 85; Doc. No. 14-1 at 6. Section 201(a) provides that upon discharge or lay off, an employer must immediately pay the employee any earned and unpaid wages. Cal. Lab. Code § 201(a). Section 202(a) states that upon resignation of an employee who did not have a contractual work period, the employer must pay all earned and unpaid wages not later than seventy-two hours thereafter. *Id.* § 202(a).

In support of removal, Defendant argues that a few CBA provisions will need to be interpreted to determine whether final wages were left unpaid and the value of the unpaid wages, and therefore the claim is preempted under LMRA § 301. Doc. No. 15 at 14.

          a.     <u>Step One: Whether the Right Exists Solely as a Result of the CBA</u>

The right to timely payment of final wages here is "independent" of the CBA. Plaintiff generally alleges that all claims arise exclusively under California law because her Complaint does not reference any federal law or CBA violations. *See* Doc. No. 14-1 at 8. Plaintiff specifically mentions California Labor Code sections 201 and 202 when

discussing the root of her final wages cause of action. Compl. ¶¶ 82–87. Defendant does not specifically provide any explanation as to whether the right to timely payment of final wages results from the CBA. *See* Doc. No. 15 at 13–14. Defendant thus has not carried its burden. Further, the Court has reviewed the CBA and did not find any provision contained therein that relates to this cause of action. Therefore, the Court finds the right to timely payment of final wages does not exist solely as a result of the CBA. The Court accordingly proceeds to step two.

          b.      <u>Step Two: Whether the State Law Right Is Substantially Dependent on the CBA</u>

No interpretation of the CBA in this case would be necessary to address the timely payment of final wages claim. Defendant, when specifically addressing this claim, provides conclusory statements that several provisions of the CBA will need to be interpreted. Doc. No. 15 at 14–15. Defendant lists various sections that it argues require interpretation, but it does not reference any specific provision that directly addresses or impacts timely payment of final wages upon discharge or resignation. *See id.* at 15 (referencing CBA sections relating to hours of work, reporting time pay, vacation time, holiday pay, and the payment schedule). Defendant only states that these sections must be interpretated "to determine whether any final wages were left unpaid and what the correct penalty rate would be for employees." *Id.* Defendant's mention of specific CBA provisions is not combined with any analysis as to *why* or *how* a court would need to interpret these provisions to consider the timely payment of final wages claim. Merely stating that interpretation is necessary is insufficient. Defendant thus fails to carry its burden. Furthermore, the Court's review of the CBA reveals that there is no specific provision that could pertain to timely payment of final wages. The Court similarly finds that there is no dispute as to any term or provision of the CBA that would require interpretation. Therefore, the timely payment of final wages is not preempted under step two.

   c. Conclusion

Because Defendant fails to show preemption is warranted under either step one or two, Plaintiff's timely payment of final wages claim is not preempted by LMRA § 301.

  5. *Timely Payment of Wages Claim*

Plaintiff alleges that Defendant failed to timely pay wages to Plaintiff in violation of California Labor Code section 204. Compl. ¶ 92. Section 204 provides that all wages an employee earns "are due and payable twice during each calendar month," and specifies the timeframes when those payments are due. Cal. Lab. Code § 204(a).

According to Defendant, the CBA controls the issue of required compensation as to the timely payment of wages issue, so the claim arises under the CBA and is thus preempted under LMRA § 301. Doc. No. 15 at 12.

   a. Step One: Whether the Right Exists Solely as a Result of the CBA

"[C]laims are not simply CBA disputes by another name, and are not preempted under this first step, if they just . . . run parallel to a CBA violation, *Lingle* [*v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 408–10 (1988)]; or invite use of the CBA as a defense, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398 (1987)." *Schurke*, 898 F.3d at 921.

Through this claim, Plaintiff does not seek to vindicate a right created by the CBA. Defendant states Plaintiff's claim under California Labor Code section 204 arises solely under the CBA because "the CBA sets forth options regarding timing of payment of wages," which means section 204 does not apply under the section 204(c) exception. Doc. No. 15 at 12. Defendant is correct that the statute allows an employer to supersede its requirements with CBAs. However, Plaintiff's claim is not preempted just because it could "run parallel" to a CBA violation, or potentially offer use of a CBA provision as a defense. *See Peters v. RFI Enters., Inc.*, No. 18-cv-02771-BLF, 2018 WL 3869565, at \*7 (N.D. Cal. Aug. 15, 2018) ("Section 204(a) confers specific rights on employees, independent of the existence of a CBA. Invocation of an exemption based on provisions in a CBA does not transform those state-law rights into rights conferred by the CBA.").

In fact, the Court need not consider whether a CBA violation runs parallel to a statutory violation here because the CBA does not "differ" under section 204 such that the right to timely payment of wages exists *solely* as a result of the CBA. Section 204(d) states that the requirements of section 204 "shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll." Cal. Lab. Code. § 204(d). CBA Article 8, Section 1 provides that "[e]mployees shall be paid weekly or biweekly or semimonthly." Doc. No. 15-2 at 10 (CBA Art. 9, § 1). While section 204(c) allows for a CBA to supersede section 204, the present CBA directly aligns with section 204(d)—thus, the right to timely payment cannot exist solely as a result of the CBA. The CBA therefore does not differ from the statutory right to timely payment of wages, and Defendant does not assert otherwise. Therefore, the right to timely payment of wages is not preempted under step one. The Court accordingly proceeds to step two.

          b.    <u>Step Two: Whether the State Law Right Is Substantially Dependent on the CBA</u>

It is apparent that no interpretation of the CBA would be required as to the timely payment of wages claim. Defendant generally asserts that several CBA provisions will need to be interpreted. *See* Doc. No. 15 at 12 ("This inquiry will also require interpretation of several additional provisions, including but not limited [to], Article 9 regarding hours of work and reporting time pay, Article 10 regarding vacations, Article 11 regarding holidays, and Appendix A regarding minimum contractual wage rates and ratification bonuses to determine the amount of wages to be paid."). Defendant, however, fails to provide any argument to support "its bare assertion that a court must interpret those [CBA] provisions" in its analysis. *Balcorta*, 208 F.3d at 1109. Defendant therefore fails to carry its burden. Further, there is clearly no dispute as to the meaning of a CBA provision that relates to this claim. Accordingly, the timely payment of wages claim is not preempted under step two.

        c.      <u>Conclusion</u>

Because Defendant fails to show preemption is warranted under either step one or two, Plaintiff's timely payment of wages claim is not preempted by LMRA § 301.

     6.    *Remaining Claims*

In addition to her unpaid overtime pay, unpaid rest and meal period premiums, failure to pay minimum wage, untimely payment of final wages, and untimely payment of wages claims, Plaintiff further alleges that Defendant provided non-compliant wage statements, failed to keep requisite payroll records, failed to reimburse for business expenditures, and conducted unlawful business practices. *See* Compl. ¶¶ 88–117. Defendant asks the Court to exercise supplemental jurisdiction over these remaining four claims. *See* Doc. No. 1 at 11. A district court may exercise supplemental jurisdiction over claims brought with an LMRA-preempted claim. *See Ellis v. Gelson's Mkts.*, 1 F.3d 1246 (9th Cir. 1993); *Diaz*, 2019 WL 1785660, at *8. However, because Defendant has not met its burden to show that LMRA § 301 preempts any of Plaintiff's claims, the Court lacks subject matter jurisdiction over this action and therefore cannot exercise supplemental jurisdiction over Plaintiff's remaining claims. *See Moore v. Aramark Unif. Servs., LLC*, No. 17-cv-06288-JST, 2018 WL 701258, at *5 (N.D. Cal. Feb. 5, 2018).

**C.    Conclusion**

Defendant fails to demonstrate that LMRA § 301 preempts Plaintiff's claims and thus fails to establish federal question jurisdiction. Therefore, the Court lacks subject matter jurisdiction over the entire action. Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

**III. MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS**

In addition to Plaintiff's motion to remand, Defendant moves to compel arbitration and dismiss or stay this action pursuant to the Federal Arbitration Act and the California Arbitration Act. Doc. No. 8-1 at 10–15. Because the Court lacks subject matter jurisdiction, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the Court declines to rule on the merits of Defendant's motion.

## IV. C<small>ONCLUSION</small>

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the Superior Court of California, County of San Diego. As the Court lacks subject matter jurisdiction over the action, the Court declines to rule on Defendant's motion to compel arbitration and dismiss or stay the action. The Court **DIRECTS** the Clerk of Court to close the case and terminate all pending motions, deadlines, and hearings.

**IT IS SO ORDERED**.

Dated: January 11, 2022

_____
HON. MICHAEL M. ANELLO
United States District Judge